Claude DEARING, Appellant,

v.

Roy McCORMACK, Magistrate, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1961.

Leland H. Logan, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., B. G. Davidson, County Atty., Bowling Green, for appellee.

BIRD, Chief Justice.

The statutes provide that sheriffs shall be paid six dollars for arrests in misdemeanor cases. KRS 64.090. The statutes also provide that constables shall be paid the same as sheriffs for arrests in misdemeanors except in cases involving the use of motor vehicles upon the public highways. In those cases the constable is to be paid fifty cents for each arrest. KRS 64.190.

Before the 1956 Amendment to KRS 64.-190 the constable's arresting fee in misdemeanor cases was the same as that of the sheriff.

Claude Dearing, a constable, in this action against Roy McCormack, a magistrate, challenges the constitutionality of the 1956 Amendment. It is charged that the Amendment violates sections 59 and 60 of the Constitution of Kentucky. The constable claims that the services rendered and the dangers attendant are exactly the same whether performed by a sheriff or a constable and that the lawmakers were motivated by ulterior purposes in limiting the constable's arresting fee in motor vehicle cases.

Such purposes may or may not have been present in the minds of the legislators but if such purposes did exist within their minds it does not of necessity mean that the Act is so unreasonable and arbitrary as to violate the provisions of the Constitution as claimed by the constable.

It will be noted that sheriff's fees are generally higher than constable's fees for performing the same service. KRS 64.-090 and KRS 64.190.

The trial court pointed out that the General Assembly could properly consider the "dignity" of the two offices in making a difference in fees to be collected. This may in fact be true but we prefer to charge the difference to overall responsibility which we believe is a reasonable basis for classification.

This Court does not mean to say that the office of constable is not one of importance. When any office gives any one man any degree of authority over any other man,

or his property, that office is then one of importance and should be so treated.

In this case, however, we find no constitutional wrong done to the constable and the judgment must therefore be affirmed.